FILED

2007 Aug-09  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL H. HOLLAND, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No. 2:07-CV-483-RDP** |
| | } | |
| **COEMONT CONSTRUCTION, INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Plaintiffs Trustees of the United Mine Workers of America Health 1974 Pension Trust ("Plaintiffs") Motion for Entry of Default Judgment against Defendant Coemont Construction, Inc. ("Defendant") (Doc. # 9) filed on August 8, 2007, based upon Defendant's failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.

This action was commenced on March 15, 2007, by the filing of Plaintiffs' complaint seeking monetary damages for collection of delinquent pension and employee benefit plan contributions due under 29 U.S.C. § 1145 from Defendant to Plaintiffs, pursuant to the provisions of the National Bituminous Coal Wage Agreement of 2002, a collective bargaining agreement entered into by Defendant on March 22, 2002. (Doc. # 1). A copy of the summons and complaint was served on Defendant on May 17, 2007, by certified mail. (Docs. # 5, 6). Despite being served with a summons, a complaint, Plaintiffs' Application and Motion for Entry of Default (Doc. # 7), which the Clerk of Court entered on June 20, 2007 (Doc. # 8), and the pending Motion for Entry of Default Judgment (Doc. # 9), to date, Defendant has neither filed anything with the court in its defense nor contacted the court in any manner about this case.

Plaintiff now seeks default judgment against Defendant under Rule 55(b)(2) for monetary damages in the amount of $53,750.22, plus attorneys' fees in the amount of $550.00, and costs in the amount of $350.00.  (Doc. # 9).  Rule 55(b) states in relevant part:

(b) [Default] Judgment. Judgment by default may be entered as follows:

(1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED.R.CIV.P. 55(b)(1),(2).  Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  FED. R. CIV. P. 55(a).

can by computation be made certain.  Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant is appropriate because all of the requirements of Rule 55(b) are satisfied in this case.  Plaintiff has submitted affidavit testimony evidencing that Defendant is not an infant or incompetent person (Doc. # 7, Ex. A ¶ 6), and has failed to make payments owed for pension and employee benefit plan contributions due under 29 U.S.C. § 1145, pursuant to the provisions of the National Bituminous Coal Wage Agreement of 2002, a collective bargaining agreement entered into by Defendant on March 22, 2002.  (Doc. # 9, Ex. 1).   Upon default, the well-pleaded allegations of a complaint are taken as true.  *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Because Defendant has previously been declared in default by the court's Order of June 20, 2007 (Doc. # 8), Defendant's liability is established.  *Id.*

The affidavit testimony indicates that the monetary damages sought by Plaintiffs are for a sum certain or for a sum which can by computation be made certain:  (1) as pension and employee benefit plan contributions due under the aforementioned collective bargaining agreement, the principal amount of $35,215.00 ($16,359.28 (for the period of July 1, 2002 through December 31, 2002) + $18,855.72 (for the period of January 1, 2003 through June 30, 2003)) to be awarded Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2)(A); (2) pursuant to 29 U.S.C. § 1132(g)(2)(B), interest is due on said principal amount in the sum of $9,267.61 ($4,526.13 (on the $16,359.28 principal amount) + $4,741.48 (on the $18,855.72 principal amount)); and (3) pursuant to 29 U.S.C. § 1132(g)(2)(C) additional penalties are required to be awarded in an amount equal to the interest of

$9,267.61. The total indebtedness due herein is $53,750.22 ($35,215.00 + $9,267.61 + 9,267.61) (as of June 30, 2007). (Doc. # 9, Ex. 1). Furthermore, as more particularly shown by the Affidavit of Plaintiffs' counsel, attorneys' fees are awardable in the amount of $550.00 and costs in the amount of $350.00. Therefore, the total judgment amount that Plaintiffs shall recover against Defendant, exclusive of interest accruing after June 30, 2007 and any postjudgment interest, is **$54,650.22**.

Accordingly, Rule 55(b)(1)—and not 55(b)(2)—governs this case. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed. R. Civ. P. 55(b)(1). *See, e.g.*, *U.S. Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).[2]

Therefore, based upon the court's review of the affidavit testimony and relevant case law, Plaintiffs' request for the entry of a final default judgment against Defendant is due to be granted, and Plaintiff is due to recover from Defendant the total sum of **$54,650.22** in principal, interest (as of June 30, 2007), attorneys' fees, and costs, plus interest on the principal amount accruing after June 30, 2007 at the rate of 8%. The court will enter a final default judgment in favor of Plaintiffs and against Defendant that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this _____9th_____ day of August, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.